## Isaac Stewart and another v. Washington J. Milliken.

*Settlement : Objection : Laches : Estoppel.* Where one had contracted for a certain *per diem* allowance to attend to the running of logs for himself and three other parties, each to furnish his share of men and outfit and expenses in proportion to the wood-scale of his logs, and on a final settlement at the close of the work such as had furnished a surplus to be credited for it, and such as were short to be charged the deficiency, a settlement which all parties interested participated in and acted upon except one firm, of which one member was present, will not be disturbed at the instance of such firm unless impeached for fraud or mistake, after they have allowed it to stand beyond the lapse of a reasonable time without objection; they will be held estopped by a much less degree of negligence than would be pardonable where the rights of third parties were not involved.

*Submitted on briefs October 23.   Decided January 6.*

Error to Cheboygan Circuit.

*L. S. Trowbridge,* for plaintiff in error.

*Atkinson & Hawley,* for defendant in error.

CAMPBELL, J.

The action below was to recover money earned under a contract for running logs. The contract was in writing, and provided that Milliken should undertake the running of logs for himself and three other firms,—of which plaintiffs in error were one, under the name of Stewart & Smith. The contract provided that Milliken was to receive a *per diem* allowance, and that the expenses of driving the logs should be equalized,—each owner to furnish his share of men and outfit; and that at the close of the work there should be a final settlement. Each log-owner was bound in the beginning to furnish his wood-scale specifying the number of his logs,—and the proportion of men and provisions, etc., was to be estimated from this; and each was to pay his own men. An account of time was to be kept by Milliken; and in the settlement each who had furnished a

surplus was to be credited, and each one short was to be charged his deficiency.

The contract was for some purposes mutual; but was in the main a contract whereby each owner became severally responsible for any liability to respond.

A settlement was made, at which Stewart was present, but Smith was not. It was postponed for a while, as Stewart said Smith knew most about the facts, but Smith refused to attend. A statement was furnished to Stewart and Smith, and no subsequent objection was made until after suit brought. The principal questions, and the only one of any importance, arise upon the effect of this settlement.

It was contemplated by the contract that a settlement should be made immediately on the close of the business; and this settlement was necessary to ascertain the exact liability of all the parties. As the expenses were to be ratably divided, it was quite as necessary that it should be made once for all; as it could not afterwards be disturbed without affecting every party to the contract.

This being so, it was the duty of each person to be prepared in due season with a statement of all the information necessary for him to furnish, and to use diligence in enabling this important matter to be adjusted. It appears that Stewart, one of the firm of Stewart & Smith, was present; that time was given for Smith to appear, when Stewart desired his presence, and that Smith refused to come.

Under these circumstances, therefore, the parties had no other course to pursue, except to settle as well as they could, and unless specific objections were made within a reasonable time, it would be unjust to permit the settlement to be attacked after every one had been compelled to act upon it, or leave the accounts without any settlement.

Stewart made no suggestions as to how the account could be made more correctly, and Smith made none at

all. The jury were directed that, unless impeached for fraud or mistake, a settlement so made and furnished must stand, if not objected to within a reasonable time.

We think the charge was not open to objection by plaintiffs in error, and that it was quite favorable enough. They were bound to be active, and not passive; and had no right to leave the other parties where they could not settle their liabilities, and they should be held estopped by a much less degree of negligence than would have been pardonable if there were no third parties involved in the settlement, with whom Milliken had to close his accounts.

The views we have given dispose of all the several questions presented by the record. The judgment should be affirmed, with costs.

The other Justices concurred.